The judgment and order appealed from should be reversed.

All concur.

Judgment of conviction and order reversed and indictment dismissed.

---

Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of SARAH DWORKOWITZ and Others, Respondents, for Compensation under the Workmen's Compensation Law, for the Death of HYMAN DWORKOWITZ, *v.* HARLEM RIVER TOWBOAT LINE, INC., Employer, and NEW AMSTERDAM CASUALTY COMPANY, Insurance Carrier, Appellants.

Third Department, July 8, 1920.

**Workmen's Compensation Law — accident of maritime nature — injury occurring on steamboat in public waters — consent of parties not conferring jurisdiction on State Industrial Commission — evidence showing that claimants were not dependents.**

An accident which occurs upon a steamboat while navigating public waters off One Hundred and Twenty-fifth street and the Harlem river is of a maritime nature and within the exclusive jurisdiction of admiralty, and compensation cannot be awarded therefor under the Workmen's Compensation Law.

The rule is well settled that the consent of parties is not sufficient to avoid the fatal defect of a lack of jurisdiction, and, therefore, the State Industrial Commission being without authority to hear and determine the subject-matter of the controversy, an adjudication on the merits is a nullity and does not estop an assenting party.

*It seems,* on all the evidence, that the mother and minor sisters of the decedent were not dependent upon his earnings at the time of the accident.

APPEAL by the defendants, Harlem River Towboat Line, Inc., and another, from a decision and award of the State Industrial Commission, made on the 9th day of October, 1919, and affirmed, after another hearing, on the 5th day of January, 1920.

*Frederick Mellor* [*Chester E. Barrett* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The State Industrial Commission has found as conclusions of fact that on the 24th day of May, 1919, Hyman Dworkowitz sustained injuries resulting in his death on the twenty-sixth of that month while in the course of his regular employment as a fireman on board one of the boats of the Harlem River Towboat Line, Inc., and that the accident occurred by escaping steam from the boiler while the boat " Harlem River No. 2 " was " off 125th street and Harlem River." It is entirely clear from this state of facts that the accident was one of a maritime nature; it was an accident occurring on shipboard while navigating public waters, and was within the exclusive jurisdiction of admiralty. It is true that subsequent to the decision of the court in *Southern Pacific Co.* v. *Jensen* (244 U. S. 205) the Congress enacted an amendment to the Judicial Code of the United States (36 U. S. Stat. at Large, 1091, § 24, subd. 3, as amd. by 40 id. 395, chap. 97, § 1; 36 id. 1160, 1161, § 256, subd. 3, as amd. by 40 id. 395, chap. 97, § 2), which undertook to place cases of this character within the jurisdiction of the several States, and this State assumed to take jurisdiction thereof (Workmen's Compensation Law, § 2, group 8, as re-enacted

by Laws of 1918, chap. 249), but the discussion in *Chelentis* v. *Luckenbach S. S. Co.* (247 U. S. 372) and in *Union Fish Co.* v. *Erickson* (248 id. 308) clearly foreshadowed the recent decison in the case of *Knickerbocker Ice Co.* v. *Stewart* (253 id. 149), which holds squarely that the Federal act is unconstitutional.

The rule is well settled that the consent of parties is not sufficient to avoid the fatal defect of a lack of jurisdiction. Wherever there is a want of authority to hear and determine the subject-matter of the controversy, an adjudication on the merits is a nullity and does not estop even an assenting party. (*Chemung Canal Bank* v. *Judson,* 8 N. Y. 254; *Matter of Walker,* 136 id. 20, 29.)

It is very doubtful if the evidence shows that the persons to whom awards were made were in any proper sense dependent upon the decedent. He was nineteen years and six months old, and any wages which he might have earned belonged, of course, to his father, subject to the duty of the father to maintain him. The decedent had been confined in a penal institution for a period of fifteen months and had been employed one and one-half weeks at the time of the accident, his father, at the same time, receiving about thirty-nine dollars per week, and a sister was earning eleven dollars. The statute is definite in declaring that " all questions of dependency shall be determined as of the time of the accident." (Workmen's Compensation Law, § 16, subd. 4, as amd. by Laws of 1916, chap. 622.) It is difficult to conceive of the mother and minor sisters being dependent upon the earnings of this decedent at the time of the accident which resulted in his death. However, that is not important here, as the State Industrial Commission had no jurisdiction of the subject-matter of the claim.

The award should be reversed and the proceeding dismissed.

All concur.

Award reversed and claim dismissed.